FILED

JUN 16 2016

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RAY DEAN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>SECOND JUDICIAL DISTRICT COURT, et al.,<br><br>Defendants. | CV 15-00078-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| RAY DEAN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | CV-16-00004-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

As set forth in the Court's Order of April 26, 2016, Plaintiff Ray Dean Wilson filed a number of documents in these consolidated cases complaining about issues which appear to be the subject of state court litigation in Silver Bow County, Montana. (Civil Action 15-00078-BU-BMM-JCL, Doc. 20; Civil Action 15-00078-BU-BMM-JCL, Doc. 5.) In an attempt to determine whether or not

Wilson's claims were barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) or the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court provided Wilson one final opportunity to clarify whether or not there are ongoing state court proceedings regarding the issues raised in the consolidated cases and whether he is asking this Court to stop or otherwise interfere with those state court proceedings. (Civil Action 15-00078-BU-BMM-JCL, Doc. 20; Civil Action 15-00078-BU-BMM-JCL, Doc. 5.) Wilson did not respond to the Order.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). However, dismissal is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given that these cases have dragged on for nearly seven months without even a clear statement of Wilson's claims, the first factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). Wilson has failed to comply with the Court's Order. He has been given a number of opportunities to clearly state his claims and he has failed to do so. The Court must be able to manage its docket. It cannot do so if Wilson refuses to communicate with the Court. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's

actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). As Defendants have not yet been served, there is no immediate prejudice, but the longer these matters sit, the more prejudice to Defendants.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to a dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Wilson was given the opportunity to clearly restate his claims and although he has filed several documents, he has not provided a clear statement of his claims and more importantly, he failed to respond to the Court's April 26, 2016 Order. (Civil Action 15-00078-BU-BMM-JCL, Doc. 20; Civil Action 15-00078-BU-BMM-JCL, Doc. 5.) While not technically an alternative, Wilson will also have an opportunity to file objections to these recommendations. Given Wilson's refusal to respond, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal of the Complaint because public

policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Since the other four factors weigh in favor of dismissal, however, dismissal is an appropriate sanction.

Based upon the foregoing, the Court issues the following:

**RECOMMENDATIONS**

1. These matters should be dismissed. The Clerk of Court should be directed to close these matters and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the dockets reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Wilson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of June, 2016.

Jeremiah C. Lynch
United States Magistrate Judge

---

(3) days are added after the period would otherwise expire.