# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| RAY DEAN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>SECOND JUDICIAL DISTRICT COURT, et al.,<br><br>Defendants. | CV-15-78-BU-BMM-JCL<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on June 16, 2016. (Doc. 21). Neither party filed objections. The Court need not review de novo the proposed Findings and Recommendations when a party makes no objections. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## I.   PROCEDURAL HISTORY

Ray Dean Wilson filed the initial complaint in this matter on November 13, 2015. (Doc. 1). The Court found the complaint unintelligible. Magistrate Judge

1

Johnston ordered Wilson to submit an amended complaint with a cognizable claim and appropriate defendants. (Doc. 2). The Order, filed November 19, 2015, included the Court's first warning to Wilson that failure to comply would result in dismissal of the claim. *Id.*

Wilson filed an amended complaint on November 30, 2015. (Doc. 3). The amended complaint included a Motion to proceed *in forma pauperis*. The Court liberally construed the amended complaint and identified a claim as one that involves ongoing criminal proceedings in state court. (Doc. 11 at 2). The Court noted the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), potentially bars Wilson's claim. (Doc. 11 at 2). The Court offered Wilson a second opportunity to amend his complaint to clarify the claim and the relief he seeks to determine if the claims were doctrinally barred. *Id.* Wilson failed to respond to the Order. The Court granted Wilson's Motion to proceed *in forma pauperis*.

The Court gave Wilson a final opportunity to clarify whether or not claims in the consolidated cases, (*see also* Civil Action16-00004-BU-BMM-JCL), were based on ongoing state court proceedings. (Doc. 20 at 3). The Court again stated that it would decline to intervene if underlying ongoing state court proceedings existed. (Doc. 20 at 3). The Court gave Wilson an additional month, until May 27, 2016, to respond to the Order. Wilson failed to respond.

## II. BACKGROUND

Wilson, currently, resides as a prisoner at the Butte Silver Bow County Jail in Butte, Montana. Wilson names only the Second Judicial Court as a Defendant in the caption of the case. In the "Parties" section of Wilson's complaint, however, Wilson names the following Defendants: Mike Clague, County Attorney for the Second Judicial Court; Eugene Travis at the Health Department; and Patrol Officers at the Butte Police Department. (Doc. 3 at 3).

Wilson alleges the Butte Police wrongfully arrested him for trespassing at 102 E. Second. Wilson claims that he obtained a "Quit Claim" on July 12, 2015 for the property. (Doc. 3 at 4). The Magistrate Judge construed Wilson's claim as one for wrongful incarceration from August 18, 2015, to September 2, 2015, and from September 5, 2015, to the present. (Doc. 11 at 3).

## III. REVIEW FOR CLEAR ERROR

The Court has the power to dismiss a case for failure to respond to a court order. *Henderson v. Duncan*, 779 F.2d, 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b). Dismissal penalizes a party harshly and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The Court must consider the following factors before it dismisses an action as a sanction for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The Magistrate Judge provided clear reasoning for a recommendation of dismissal. The Magistrate noted that Wilson's proceedings have dragged on for nearly seven months without a clarification of Wilson's claims underlying the action. (Doc. 21 at 3). For that reason, the Court rightly held that dismissal satisfied the first two factors. The Court held that the defendants were not in danger of prejudice when the defendants have yet to be served. (Doc. 21 at 4). The Court repeatedly offered Wilson a chance to amend his complaints and restate his claims. The Court opined that Wilson rejected less drastic alternatives to dismissal by refusing to respond. Additionally, Wilson had a chance to object to the Court's recommendations. *Id.* Wilson failed to file an objection.

Public policy favors disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 at 643. Four of the five factors weigh heavily in favor of dismissal. The Court did not commit clear error by recommending dismissal for the consolidated cases.

**IT IS HEREBY ORDERED** that:

1. Ray Dean Wilson's claims are dismissed. The Clerk of Court is directed to close this case and enter judgment in favor of Defendant's pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 27th day of July, 2016.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge